IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL EVANS,                                    07-CV-1532-BR

       Plaintiff,                              OPINION AND ORDER

v.

MULTNOMAH COUNTY, DEPUTY
RICHARD HATHAWAY, DEPUTY
ROBERT GRIFFITH, OFFICER RYAN
ALBERTSON, and SERGEANT
CATHLINE GORTON,

       Defendants.


BENJAMIN WRIGHT HAILE
620 S.W. Main Street
Suite 616
Portland, OR 97205
(503) 228-1889

      Attorney for Plaintiff

1 - OPINION AND ORDER

**AGNES SOWLE**
Multnomah County Attorney
**STEPHEN LEWIS MADKOUR**
Assistant Multnomah County Attorney
501 S.E. Hawthorne, Suite 500
Portland, OR  97214
(503) 988-3138

>       Attorneys for Defendants Multnomah County, Deputy
>       Richard Hathaway, Deputy Robert Griffith, and Sergeant
>       Cathline Gorton

**LINDA MENG**
Portland City Attorney
**DAVID A. LANDRUM**
Deputy Portland City Attorney
1221 S.W. Fourth Avenue, Room 430
Portland, OR  97204
(503) 823-4047

>       Attorneys for Defendant Officer Ryan Albertson


**BROWN, Judge.**

This matter comes before the Court on Plaintiff Michael Evans' Bill of Costs (#135), Defendant Officer Ryan Albertson's Bill of Costs (#136), and Defendants Deputy Robert Griffith and Sergeant Cathline Gorton's Bill of Costs (#139).  For the reasons that follow, the Court awards costs as follows:

1.     To Plaintiff in the amount of **$2,609.88**;

2.     To Officer Albertson in the amount of **$1,195.12**; and

3.     To Deputy Griffith and Sergeant Gorton in the amount of **$1,637.95**.

2 - OPINION AND ORDER

## BACKGROUND

On September 12, 2007, Plaintiff filed a Complaint in Multnomah County Circuit Court against Multnomah County, Multnomah County Sheriff Bernie Guisto, Multnomah County Deputy Richard Hathaway, Multnomah County Deputy Robert Griffith, Portland Police Officer Ryan Albertson, Multnomah County Sergeant Cathline Gorton, and John Does 1-3. In his Complaint, Plaintiff alleged claims for (1) excessive force in violation of his rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, (2) assault and battery under state law, (3) malicious prosecution under § 1983, and (4) failure to train and to supervise law-enforcement personnel. Plaintiff sought noneconomic damages of $60,000.

On October 12, 2007, Defendants removed the matter to this Court.

On December 8, 2009, the matter proceeded to trial as to Plaintiff's claims for (1) excessive force in violation of the Fourth Amendment pursuant to § 1983 against Multnomah County, Deputy Hathaway, Deputy Griffith, and Officer Albertson; (2) assault and battery against Multnomah County and City of Portland for the alleged actions of Deputies Hathaway and Griffith, Sergeant Gorton, and Officer Albertson; and (3) malicious prosecution pursuant to § 1983 against Deputy Hathaway.

3 - OPINION AND ORDER

On December 15, 2009, the jury returned a Verdict in which
they found (1) Defendant Hathaway used excessive force in
violation of the Fourth Amendment and (2) Deputy Hathaway and/or
Deputy Griffith committed battery against Plaintiff.  The jury
found Plaintiff had not proven his other claims and awarded
damages of $500 to Plaintiff.

On February 4, 2010, the Court entered a Judgment in which
(1) Deputy Hathaway and Multnomah County were found liable for
the use of excessive force against Plaintiff in violation of the
Fourth Amendment, and Plaintiff recovered the sum of $250.00;
(2) Multnomah County was found liable for battery due to the
conduct of Deputy Hathaway, and Plaintiff recovered $250.00;
(3) Deputy Griffith, Sergeant Gorton, and Officer Albertson were
found not liable, and Plaintiff's claims against those Defendants
were dismissed with prejudice; (4) Deputy Hathaway was found not
liable as to Plaintiff's claim of malicious prosecution, and that
claim was dismissed with prejudice; (5) Multnomah County and the
City of Portland were found not liable for assault and battery
arising from the conduct of Sergeant Gorton, Deputy Griffith and
Officer Albertson, and those claims were dismissed with
prejudice.

On February 5, 2010, Plaintiff filed a Bill of Costs; on
February 8, 2010, Officer Albertson filed a Bill of Costs; and on
February 9, 2010, Deputy Griffith and Sergeant Gorton filed a

Bill of Costs.

**<u>STANDARDS</u>**

Absent a showing of circumstances not relevant here, an award of costs is generally governed by federal law. *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum). Accordingly, the Court applies federal law to the issue of awarding costs in this case.

Federal Rule of Civil Procedure 54(d) provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)Fees and disbursements for printing and witnesses;
> (4)Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

> A bill of costs shall be filed in the case and,
> upon allowance, included in the judgment or
> decree.

The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation.  The court, however, may not tax costs beyond those authorized by § 1920. *See Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005)("[C]osts taxable under Fed. R. Civ. P. 54(d) are limited to those set forth in 28 U.S.C. §§ 1920.").

## DISCUSSION

As noted, Plaintiff and Defendants Albertson, Griffith, and Gorton seek costs as prevailing parties in this action.  Federal Rule of Civil Procedure 54(d) contains a presumption in favor of awarding costs to a prevailing party that can only be overcome by the court, in the exercise of its discretion, disallowing those costs for specific reasons.  *Ass'n of Mexican-American Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).

In cases brought under § 1983, a party has prevailed when a judgment is entered in his favor.  *Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021-23 (9th Cir. 2002).

Here Plaintiff prevailed as to his claims for excessive force and battery as to Deputies Hathaway and Griffith, Officer Albertson prevailed as to all of Plaintiff's claims against him, Deputy Griffith prevailed as to Plaintiff's excessive-force claim

6 - OPINION AND ORDER

against him and Sergeant Gorton prevailed as to Plaintiff's claim
against him for assault.

**I.   Plaintiff's Cost Bill.**

Plaintiff seeks costs of $2,774.88 comprised of fees for
court reporters, photocopying charges, filing fees, and fees for
the service of Summons and Complaint.  Plaintiff supports his
request with receipts for photocopying, service of Summons and
Complaint, and court reporters' fees for transcripts.

Multnomah County, Deputies Hathaway and Griffith, and
Sergeant Gorton (Multnomah County Defendants) contend the Court
should deny or significantly reduce the costs requested by
Plaintiff because Plaintiff achieved limited success in this
matter.  In the alternative, the Multnomah County Defendants
contend the Court should reduce Plaintiff's cost bill by
$1,703.23 because Plaintiff seeks (1) court reporters' appearance
fees; (2) transcript fees for the depositions of Deputy Griffith,
Sergeant Gorton, and Officer Albertson; and (3) copying costs for
documents that were not necessarily obtained for use in the case.

**A.   The Court will not deny or reduce Plaintiff's costs
based on his limited success in this matter.**

Multnomah County Defendants assert Plaintiff was only
partially successful in his claims, and the Court, therefore, in
its discretion, may deny Plaintiff's costs in their entirety
based on his limited success at trial.

The Ninth Circuit has found "in the event of a mixed

7 - OPINION AND ORDER

judgment[,] . . . it is within the discretion of a district court
to require each party to bear its own costs." *Amarel v. Connell*,
102 F.3d 1494, 1523 (9th Cir. 1996).  As one district court
noted:

> In cases in which the prevailing party has been
> only partially successful, some courts have chosen
> to apportion costs among the parties or to reduce
> the size of the prevailing party's award to
> reflect the partial success.  *See* Wright & Miller,
> Federal Practice & Procedure § 2667.  Or, in cases
> in which "neither side entirely prevailed, or when
> both sides prevailed, or when the litigation was
> thought to be the result of fault on the part of
> both parties," some courts have denied costs to
> both sides. *Barber v. T.D. Williamson, Inc.*, 254
> F.3d 1223, 1233-35 (10th Cir. 2001).

*Tubbs v. Sacramento County Jail*, 258 F.R.D. 657, 659 (E.D. Cal
2009).  There is not any

> rule requiring courts to apportion taxable costs
> based on the relative success of the parties.  *See*
> *Kemin Foods, L.C. v. Pigmentos Vegetales Del*
> *Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed.
> Cir. 2006).  "In fact, apportioning costs
> according to the relative success of parties is
> appropriate only under limited circumstances, such
> as when the costs incurred are greatly
> disproportionate to the relief obtained."  *Id.*
> (citing 10 James Wm. Moore et al., Moore's Federal
> Practice § 54.101[1][b] (3d ed. 2006)).

*Black v. City, County of Honolulu*, Civil No. 07-00299 DAE-LEK,
2010 WL 653026, at *18 (D. Haw. Feb. 22, 2010).

Although Plaintiff obtained limited success on his
claims in this case, the Court finds the costs Plaintiff seeks
are not disproportionate to the relief he obtained and,
therefore, the Court grants Plaintiff's request for these costs.

8 - OPINION AND ORDER

**B.    Fees for appearance of the court reporter.**

Plaintiff seeks $165 for a court-reporter appearance fee.  The Ninth Circuit has held court-reporter appearance fees are not appropriately taxed under § 1920.  *See Bosse v. Napolitano*, 337 Fed. Appx. 633, 637 (9th Cir. 2009).

Accordingly, the Court sustains Multnomah County Defendants' objection and denies Plaintiff's request for these costs.

**C.    Deposition transcript fees.**

Multnomah County Defendants object to Plaintiff's request for $603.80 for transcript fees for the depositions of Deputy Griffith, Sergeant Gorton, and Officer Albertson because Plaintiff did not prevail on his claims against those Defendants. As Plaintiff notes, however, all of these Defendants were witnesses.  In addition, Multnomah County Defendants attached portions of the depositions of Deputy Griffith and Sergeant Gorton to their Motion for Summary Judgment.

On this record, the Court concludes Plaintiff properly obtained the transcripts at issue and used them appropriately in his prosecution of this action.  Accordingly, the Court grants Plaintiff's request for $603.80 for transcript fees.

**D.    Photocopying costs.**

Multnomah County Defendants object to Plaintiff's request for $604.93 in photocopying costs on the grounds that

Plaintiff did not provide documentation for these costs in his request and they were not necessarily incurred for use in this case.  In his Reply, however, Plaintiff attaches copies of the photocopying charges and explains why the documents were necessarily obtained for use in the case.  For example, Plaintiff notes $24.75 for copying letters contained in the state court file from Plaintiff's criminal prosecution was necessary because many of the letters were used by Defendants to impeach Plaintiff's testimony at trial.  Similarly, Plaintiff notes $405.90 for copying hazardous- incident reports was necessary because those reports were relevant to Plaintiff's *Monell* claim.

On this record, the Court concludes Plaintiff properly obtained the photocopies at issue and used them in the prosecution of this action.  Accordingly, the Court grants Plaintiff's request for $604.93 for these photocopying costs.

In summary, the Court awards $2,609.88[1] in costs to Plaintiff.

## II.  Officer Albertson's Cost Bill

Officer Albertson seeks costs of $1,195.12 comprised of fees for court reporters, photocopying charges, and docketing fees. Officer Albertson supports his request with the Affidavit of David A. Landrum, receipts for photocopying, and receipts for

---

[1] This sum represents Plaintiff's requested $2,774.88 in costs less $165 for disallowed court-reporter appearance fees.

court reporters' fees for transcripts.

Plaintiff objects to Officer Albertson's request for costs on the grounds that Plaintiff prevailed on claims "that are closely related to the claims for which [Officer Albertson] now petition[s] for costs." Plaintiff, however, does not cite any authority for the proposition that a prevailing-party defendant may not recover costs under Rule 54(d) if a plaintiff prevailed on claims against a co-defendant that were related to the claims on which the defendant seeks costs. Although Plaintiff cites *Hensley v. Eckerhart*, 461 U.S. 424 (1983), that case addresses attorneys' fees under § 1988 rather than costs under Rule 54(d). Even if *Hensley* related to claims for costs under Rule 54(d), however, the Court in *Hensley* merely addressed whether a plaintiff should be allowed to recover all of his attorneys' fees when he obtained relief only as to some of his claims. *Id.* at 435. In other words, *Hensley* does not address whether a plaintiff who obtained relief on some claims in an action against a co-defendant can be liable for costs to a defendant who obtained relief as to some of the plaintiff's claims in the same action when the claims on which the defendant obtained relief are related to the claims on which the plaintiff obtained relief.

In addition, the Court notes the jury found Officer Albertson was not liable for either excessive force or battery. In addition, even though Plaintiff prevailed on these claims

against Deputy Hathaway, Officer Albertson works for an entirely
different entity than Deputy Hathaway.

On this record, the Court concludes Officer Albertson
is entitled to his costs against Plaintiff.

**III. The cost bill of Deputy Griffith and Sergeant Gorton.**

Deputy Griffith and Sergeant Gorton seek costs of $1,637.95
comprised of fees for court reporters and costs incurred by
removal to this Court.  Deputy Griffith and Sergeant Gorton
support their request with the Declaration of Stephen L. Madkour.
Plaintiff, however, objects to Deputy Griffith and Sergeant
Gorton's request for costs on the ground that Plaintiff prevailed
on claims "that are closely related to the claims for which
[Deputy Griffith and Sergeant Gorton] now petition for costs."

As noted, Plaintiff does not cite any authority for his
assertion that a plaintiff who obtained relief on some claims
against a co-defendant is not liable to a defendant who obtained
relief on other claims in the same action because the claims on
which the defendant obtained relief are related to the claims on
which the plaintiff obtained relief.

Accordingly, on this record, the Court concludes Deputy
Griffith and Sergeant Gorton are entitled to their costs.

**IV.  Plaintiff's economic circumstances.**

In Plaintiff's Addendum to his Objection to Defendants' Cost
Bills, Plaintiff asserts the Court should not require him to pay

12 - OPINION AND ORDER

Defendants' costs because Plaintiff is incarcerated at Two Rivers
Correctional Institute; he is housed in administrative
segregation; and, therefore, his earning capacity is "extremely
limited."  In addition, Plaintiff asserts imposing costs on him
would have a chilling effect on actions by future litigants to
vindicate their constitutional rights.

"A prevailing party is entitled to recover costs even in the
case of indigent prisoner litigants who have been granted leave
to proceed *in forma pauperis*." *Tubbs*, 258 F.R.D. at 661 (citing
*Monroe v. U.S. Marshals*, No. 95-35716, 1996 WL 665147, at *2 (9th
Cir. Nov. 6, 1996)(unpublished)).  Nevertheless, a district court
may deny costs to a prevailing party based on the losing party's
limited financial resources and the chilling effect that a high
award of costs might have on future litigants. *Ass'n of Mexican-
American Educators*, 231 F.3d at 592.  The losing party, however,
has the burden to prove that costs should not be awarded based on
that party's inability to pay. *Save Our Valley v. Sound Transit*,
335 F.3d 932, 945 (9th Cir. 2003).

> A district court need not give affirmative reasons
> for awarding costs; instead, it need only find
> that the reasons for denying costs are not
> sufficiently persuasive to overcome the
> presumption in favor of an award.  The presumption
> itself provides all the reason a court needs for
> awarding costs, and when a district court states
> no reason for awarding costs, we will assume it
> acted based on that presumption. *Stanley* [*v.
> University of Southern California*, 178 F.3d 1069,
> 1079 (9th Cir. 1999)] only held that, in the rare
> occasion where severe injustice will result from

> an award of costs (such as the injustice that
> would result from an indigent plaintiff's being
> forced to pay tens of thousands of dollars of her
> alleged oppressor's legal costs), a district court
> abuses its discretion by failing to conclude that
> the presumption has been rebutted.

*Id.*

In *Save Our Valley*, the Ninth Circuit affirmed the district court's decision to award costs of $5,310.55 against the plaintiff, a nonprofit organization with limited resources. *Id.* at 946. Similarly, in *Duvigneaud v. Garcia*, No. 04cv580 BTM (WMc), 2007 WL 2009800, at *3 (S.D. Cal. July 5, 2007), the court concluded it would not be a severe injustice to tax the plaintiff, who was incarcerated, with $3,967.31 in costs. In *Kealoha v. Hawaii*, Civil No. 05-00009 ACK-KSC, 2007 WL 2106096, at *1 (D. Haw. July 12, 2007), the court concluded it would not be a severe injustice to tax the plaintiff, who was incarcerated, with $1,718.87 in costs. In *Player v. Salas,* No. 04cv1761-LAB (WMc), 2007 WL 4250015, at *2 (S.D. Cal. Nov. 30, 2007), the court concluded it would not be a severe injustice to tax the plaintiff, who was incarcerated, with $843 in costs. *See also Ardalan v. Monterey Inst. of Intern. Studies*, No. C 03-01075 JFPVT, 2004 WL 2047593, at *4 (N.D. Cal. Sept. 14, 2004)(court concluded it would not be a severe injustice to tax the plaintiff, who was unemployed, with $2,838,35). *But see Tubbs*, 258 F.R.D. at 661 (imposing costs of $3,798.09 on the plaintiff, who was indigent, would be inequitable).

14 - OPINION AND ORDER

The Court recognizes an assessment of $2,833.07 as costs against an incarcerated individual may be steep, but it is not so exorbitant as to justify setting aside Defendants' cost bills. In addition, the Court concludes the amount at issue here is not so great as to create a chilling effect on future litigants particularly in light of the fact that this Plaintiff had an opportunity to settle this matter on terms much more favorable to him than the jury's Verdict, but declined to do so.  The Court, therefore, awards $1,195.12 to Officer Albertson as costs and $1,637.95 to Deputy Griffith and Sergeant Gorton as costs.

## CONCLUSION

For these reasons, the Court awards costs as follows:

1.    To Plaintiff in the amount of **$2,609.88**;

2.    To Officer Albertson in the amount of **$1,195.12**; and

3.    To Deputy Griffith and Sergeant Gorton in the amount of **$1,637.95**.

IT IS SO ORDERED.

DATED this 7th day of May, 2010.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District


15 - OPINION AND ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MICHAEL EVANS,                          07-CV-1532-BR

       Plaintiff,                    OPINION AND ORDER

v.

MULTNOMAH COUNTY, DEPUTY
RICHARD HATHAWAY, DEPUTY
ROBERT GRIFFITH, OFFICER RYAN
ALBERTSON, and SERGEANT
CATHLINE GORTON,

       Defendants.


BENJAMIN WRIGHT HAILE
620 S.W. Main Street
Suite 616
Portland, OR 97205
(503) 228-1889

       Attorney for Plaintiff


1 - OPINION AND ORDER

**AGNES SOWLE**
Multnomah County Attorney
**STEPHEN LEWIS MADKOUR**
Assistant Multnomah County Attorney
501 S.E. Hawthorne, Suite 500
Portland, OR  97214
(503) 988-3138

       Attorneys for Defendants Multnomah County, Deputy
       Richard Hathaway, Deputy Robert Griffith, and Sergeant
       Cathline Gorton

**LINDA MENG**
Portland City Attorney
**DAVID A. LANDRUM**
Deputy Portland City Attorney
1221 S.W. Fourth Avenue, Room 430
Portland, OR  97204
(503) 823-4047

       Attorneys for Defendant Officer Ryan Albertson


**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Michael Evans' Bill of Costs (#135), Defendant Officer Ryan Albertson's Bill of Costs (#136), and Defendants Deputy Robert Griffith and Sergeant Cathline Gorton's Bill of Costs (#139).  For the reasons that follow, the Court awards costs as follows:

    1.    To Plaintiff in the amount of **$2,609.88**;

    2.    To Officer Albertson in the amount of **$1,195.12**; and

    3.    To Deputy Griffith and Sergeant Gorton in the amount of **$1,637.95**.

2 - OPINION AND ORDER

**BACKGROUND**

On September 12, 2007, Plaintiff filed a Complaint in Multnomah County Circuit Court against Multnomah County, Multnomah County Sheriff Bernie Guisto, Multnomah County Deputy Richard Hathaway, Multnomah County Deputy Robert Griffith, Portland Police Officer Ryan Albertson, Multnomah County Sergeant Cathline Gorton, and John Does 1-3.  In his Complaint, Plaintiff alleged claims for (1) excessive force in violation of his rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, (2) assault and battery under state law, (3) malicious prosecution under § 1983, and (4) failure to train and to supervise law-enforcement personnel.  Plaintiff sought noneconomic damages of $60,000.

On October 12, 2007, Defendants removed the matter to this Court.

On December 8, 2009, the matter proceeded to trial as to Plaintiff's claims for (1) excessive force in violation of the Fourth Amendment pursuant to § 1983 against Multnomah County, Deputy Hathaway, Deputy Griffith, and Officer Albertson; (2) assault and battery against Multnomah County and City of Portland for the alleged actions of Deputies Hathaway and Griffith, Sergeant Gorton, and Officer Albertson; and (3) malicious prosecution pursuant to § 1983 against Deputy Hathaway.

3 - OPINION AND ORDER

On December 15, 2009, the jury returned a Verdict in which they found (1) Defendant Hathaway used excessive force in violation of the Fourth Amendment and (2) Deputy Hathaway and/or Deputy Griffith committed battery against Plaintiff.  The jury found Plaintiff had not proven his other claims and awarded damages of $500 to Plaintiff.

On February 4, 2010, the Court entered a Judgment in which (1) Deputy Hathaway and Multnomah County were found liable for the use of excessive force against Plaintiff in violation of the Fourth Amendment, and Plaintiff recovered the sum of $250.00; (2) Multnomah County was found liable for battery due to the conduct of Deputy Hathaway, and Plaintiff recovered $250.00; (3) Deputy Griffith, Sergeant Gorton, and Officer Albertson were found not liable, and Plaintiff's claims against those Defendants were dismissed with prejudice; (4) Deputy Hathaway was found not liable as to Plaintiff's claim of malicious prosecution, and that claim was dismissed with prejudice; (5) Multnomah County and the City of Portland were found not liable for assault and battery arising from the conduct of Sergeant Gorton, Deputy Griffith and Officer Albertson, and those claims were dismissed with prejudice.

On February 5, 2010, Plaintiff filed a Bill of Costs; on February 8, 2010, Officer Albertson filed a Bill of Costs; and on February 9, 2010, Deputy Griffith and Sergeant Gorton filed a

Bill of Costs.

**STANDARDS**

Absent a showing of circumstances not relevant here, an award of costs is generally governed by federal law.  *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum).  Accordingly, the Court applies federal law to the issue of awarding costs in this case.

Federal Rule of Civil Procedure 54(d) provides in pertinent part:  "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)Fees and disbursements for printing and witnesses;
> (4)Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

A bill of costs shall be filed in the case and,
upon allowance, included in the judgment or
decree.

The court has broad discretion to allow or to disallow a
prevailing party to recoup costs of litigation.  The court,
however, may not tax costs beyond those authorized by § 1920.
*See Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d
869, 885 (9th Cir. 2005)("[C]osts taxable under Fed. R. Civ. P.
54(d) are limited to those set forth in 28 U.S.C. §§ 1920.").


### DISCUSSION

As noted, Plaintiff and Defendants Albertson, Griffith, and
Gorton seek costs as prevailing parties in this action.  Federal
Rule of Civil Procedure 54(d) contains a presumption in favor of
awarding costs to a prevailing party that can only be overcome by
the court, in the exercise of its discretion, disallowing those
costs for specific reasons.  *Ass'n of Mexican-American Educators
v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).

In cases brought under § 1983, a party has prevailed when a
judgment is entered in his favor.  *Rio Prop., Inc. v. Rio Int'l
Interlink*, 284 F.3d 1007, 1021-23 (9th Cir. 2002).

Here Plaintiff prevailed as to his claims for excessive
force and battery as to Deputies Hathaway and Griffith, Officer
Albertson prevailed as to all of Plaintiff's claims against him,
Deputy Griffith prevailed as to Plaintiff's excessive-force claim

6 - OPINION AND ORDER

against him and Sergeant Gorton prevailed as to Plaintiff's claim
against him for assault.

**I.    Plaintiff's Cost Bill.**

Plaintiff seeks costs of $2,774.88 comprised of fees for
court reporters, photocopying charges, filing fees, and fees for
the service of Summons and Complaint.  Plaintiff supports his
request with receipts for photocopying, service of Summons and
Complaint, and court reporters' fees for transcripts.

Multnomah County, Deputies Hathaway and Griffith, and
Sergeant Gorton (Multnomah County Defendants) contend the Court
should deny or significantly reduce the costs requested by
Plaintiff because Plaintiff achieved limited success in this
matter.  In the alternative, the Multnomah County Defendants
contend the Court should reduce Plaintiff's cost bill by
$1,703.23 because Plaintiff seeks (1) court reporters' appearance
fees; (2) transcript fees for the depositions of Deputy Griffith,
Sergeant Gorton, and Officer Albertson; and (3) copying costs for
documents that were not necessarily obtained for use in the case.

**A.    The Court will not deny or reduce Plaintiff's costs
based on his limited success in this matter.**

Multnomah County Defendants assert Plaintiff was only
partially successful in his claims, and the Court, therefore, in
its discretion, may deny Plaintiff's costs in their entirety
based on his limited success at trial.

The Ninth Circuit has found "in the event of a mixed

7 - OPINION AND ORDER

judgment[,] . . . it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). As one district court noted:

> In cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success. *See* Wright & Miller, Federal Practice & Procedure § 2667. Or, in cases in which "neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties," some courts have denied costs to both sides. *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233-35 (10th Cir. 2001).

*Tubbs v. Sacramento County Jail*, 258 F.R.D. 657, 659 (E.D. Cal 2009). There is not any

> rule requiring courts to apportion taxable costs based on the relative success of the parties. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006). "In fact, apportioning costs according to the relative success of parties is appropriate only under limited circumstances, such as when the costs incurred are greatly disproportionate to the relief obtained." *Id.* (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.101[1][b] (3d ed. 2006)).

*Black v. City, County of Honolulu*, Civil No. 07-00299 DAE-LEK, 2010 WL 653026, at *18 (D. Haw. Feb. 22, 2010).

Although Plaintiff obtained limited success on his claims in this case, the Court finds the costs Plaintiff seeks are not disproportionate to the relief he obtained and, therefore, the Court grants Plaintiff's request for these costs.

8 - OPINION AND ORDER

**B.    Fees for appearance of the court reporter.**

Plaintiff seeks $165 for a court-reporter appearance fee.  The Ninth Circuit has held court-reporter appearance fees are not appropriately taxed under § 1920.  *See Bosse v. Napolitano*, 337 Fed. Appx. 633, 637 (9th Cir. 2009).

Accordingly, the Court sustains Multnomah County Defendants' objection and denies Plaintiff's request for these costs.

**C.    Deposition transcript fees.**

Multnomah County Defendants object to Plaintiff's request for $603.80 for transcript fees for the depositions of Deputy Griffith, Sergeant Gorton, and Officer Albertson because Plaintiff did not prevail on his claims against those Defendants. As Plaintiff notes, however, all of these Defendants were witnesses.  In addition, Multnomah County Defendants attached portions of the depositions of Deputy Griffith and Sergeant Gorton to their Motion for Summary Judgment.

On this record, the Court concludes Plaintiff properly obtained the transcripts at issue and used them appropriately in his prosecution of this action.  Accordingly, the Court grants Plaintiff's request for $603.80 for transcript fees.

**D.    Photocopying costs.**

Multnomah County Defendants object to Plaintiff's request for $604.93 in photocopying costs on the grounds that

Plaintiff did not provide documentation for these costs in his
request and they were not necessarily incurred for use in this
case.  In his Reply, however, Plaintiff attaches copies of the
photocopying charges and explains why the documents were
necessarily obtained for use in the case.  For example, Plaintiff
notes $24.75 for copying letters contained in the state court
file from Plaintiff's criminal prosecution was necessary because
many of the letters were used by Defendants to impeach
Plaintiff's testimony at trial.  Similarly, Plaintiff notes
$405.90 for copying hazardous- incident reports was necessary
because those reports were relevant to Plaintiff's *Monell* claim.

On this record, the Court concludes Plaintiff properly
obtained the photocopies at issue and used them in the
prosecution of this action.  Accordingly, the Court grants
Plaintiff's request for $604.93 for these photocopying costs.

In summary, the Court awards $2,609.88[1] in costs to
Plaintiff.

## II.  Officer Albertson's Cost Bill

Officer Albertson seeks costs of $1,195.12 comprised of fees
for court reporters, photocopying charges, and docketing fees.
Officer Albertson supports his request with the Affidavit of
David A. Landrum, receipts for photocopying, and receipts for

---

[1] This sum represents Plaintiff's requested $2,774.88 in
costs less $165 for disallowed court-reporter appearance fees.

court reporters' fees for transcripts.

Plaintiff objects to Officer Albertson's request for costs on the grounds that Plaintiff prevailed on claims "that are closely related to the claims for which [Officer Albertson] now petition[s] for costs." Plaintiff, however, does not cite any authority for the proposition that a prevailing-party defendant may not recover costs under Rule 54(d) if a plaintiff prevailed on claims against a co-defendant that were related to the claims on which the defendant seeks costs. Although Plaintiff cites *Hensley v. Eckerhart*, 461 U.S. 424 (1983), that case addresses attorneys' fees under § 1988 rather than costs under Rule 54(d). Even if *Hensley* related to claims for costs under Rule 54(d), however, the Court in *Hensley* merely addressed whether a plaintiff should be allowed to recover all of his attorneys' fees when he obtained relief only as to some of his claims. *Id.* at 435. In other words, *Hensley* does not address whether a plaintiff who obtained relief on some claims in an action against a co-defendant can be liable for costs to a defendant who obtained relief as to some of the plaintiff's claims in the same action when the claims on which the defendant obtained relief are related to the claims on which the plaintiff obtained relief.

In addition, the Court notes the jury found Officer Albertson was not liable for either excessive force or battery. In addition, even though Plaintiff prevailed on these claims

11 - OPINION AND ORDER

against Deputy Hathaway, Officer Albertson works for an entirely different entity than Deputy Hathaway.

On this record, the Court concludes Officer Albertson is entitled to his costs against Plaintiff.

**III. The cost bill of Deputy Griffith and Sergeant Gorton.**

Deputy Griffith and Sergeant Gorton seek costs of $1,637.95 comprised of fees for court reporters and costs incurred by removal to this Court.  Deputy Griffith and Sergeant Gorton support their request with the Declaration of Stephen L. Madkour. Plaintiff, however, objects to Deputy Griffith and Sergeant Gorton's request for costs on the ground that Plaintiff prevailed on claims "that are closely related to the claims for which [Deputy Griffith and Sergeant Gorton] now petition for costs."

As noted, Plaintiff does not cite any authority for his assertion that a plaintiff who obtained relief on some claims against a co-defendant is not liable to a defendant who obtained relief on other claims in the same action because the claims on which the defendant obtained relief are related to the claims on which the plaintiff obtained relief.

Accordingly, on this record, the Court concludes Deputy Griffith and Sergeant Gorton are entitled to their costs.

**IV.  Plaintiff's economic circumstances.**

In Plaintiff's Addendum to his Objection to Defendants' Cost Bills, Plaintiff asserts the Court should not require him to pay

12 - OPINION AND ORDER

Defendants' costs because Plaintiff is incarcerated at Two Rivers Correctional Institute; he is housed in administrative segregation; and, therefore, his earning capacity is "extremely limited."  In addition, Plaintiff asserts imposing costs on him would have a chilling effect on actions by future litigants to vindicate their constitutional rights.

"A prevailing party is entitled to recover costs even in the case of indigent prisoner litigants who have been granted leave to proceed *in forma pauperis*."  *Tubbs*, 258 F.R.D. at 661 (citing *Monroe v. U.S. Marshals*, No. 95-35716, 1996 WL 665147, at *2 (9th Cir. Nov. 6, 1996)(unpublished)).  Nevertheless, a district court may deny costs to a prevailing party based on the losing party's limited financial resources and the chilling effect that a high award of costs might have on future litigants.  *Ass'n of Mexican-American Educators*, 231 F.3d at 592.  The losing party, however, has the burden to prove that costs should not be awarded based on that party's inability to pay.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

> A district court need not give affirmative reasons
> for awarding costs; instead, it need only find
> that the reasons for denying costs are not
> sufficiently persuasive to overcome the
> presumption in favor of an award.  The presumption
> itself provides all the reason a court needs for
> awarding costs, and when a district court states
> no reason for awarding costs, we will assume it
> acted based on that presumption.  *Stanley* [*v.
> University of Southern California*, 178 F.3d 1069,
> 1079 (9th Cir. 1999)] only held that, in the rare
> occasion where severe injustice will result from

> an award of costs (such as the injustice that
> would result from an indigent plaintiff's being
> forced to pay tens of thousands of dollars of her
> alleged oppressor's legal costs), a district court
> abuses its discretion by failing to conclude that
> the presumption has been rebutted.

*Id.*

In *Save Our Valley*, the Ninth Circuit affirmed the district court's decision to award costs of $5,310.55 against the plaintiff, a nonprofit organization with limited resources. *Id.* at 946. Similarly, in *Duvigneaud v. Garcia*, No. 04cv580 BTM (WMc), 2007 WL 2009800, at *3 (S.D. Cal. July 5, 2007), the court concluded it would not be a severe injustice to tax the plaintiff, who was incarcerated, with $3,967.31 in costs. In *Kealoha v. Hawaii*, Civil No. 05-00009 ACK-KSC, 2007 WL 2106096, at *1 (D. Haw. July 12, 2007), the court concluded it would not be a severe injustice to tax the plaintiff, who was incarcerated, with $1,718.87 in costs. In *Player v. Salas,* No. 04cv1761-LAB (WMc), 2007 WL 4250015, at *2 (S.D. Cal. Nov. 30, 2007), the court concluded it would not be a severe injustice to tax the plaintiff, who was incarcerated, with $843 in costs. *See also Ardalan v. Monterey Inst. of Intern. Studies*, No. C 03-01075 JFPVT, 2004 WL 2047593, at *4 (N.D. Cal. Sept. 14, 2004)(court concluded it would not be a severe injustice to tax the plaintiff, who was unemployed, with $2,838,35). *But see Tubbs*, 258 F.R.D. at 661 (imposing costs of $3,798.09 on the plaintiff, who was indigent, would be inequitable).

14 - OPINION AND ORDER

The Court recognizes an assessment of $2,833.07 as costs against an incarcerated individual may be steep, but it is not so exorbitant as to justify setting aside Defendants' cost bills. In addition, the Court concludes the amount at issue here is not so great as to create a chilling effect on future litigants particularly in light of the fact that this Plaintiff had an opportunity to settle this matter on terms much more favorable to him than the jury's Verdict, but declined to do so.  The Court, therefore, awards $1,195.12 to Officer Albertson as costs and $1,637.95 to Deputy Griffith and Sergeant Gorton as costs.

## CONCLUSION

For these reasons, the Court awards costs as follows:

1.    To Plaintiff in the amount of **$2,609.88**;

2.    To Officer Albertson in the amount of **$1,195.12**; and

3.    To Deputy Griffith and Sergeant Gorton in the amount of **$1,637.95**.

IT IS SO ORDERED.

DATED this 7th day of May, 2010.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District


15 - OPINION AND ORDER